UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STERLING STEWART<br><br>                              Plaintiffs<br><br>             -against-<br><br>CITY OF NEW YORK;<br>NYPD OFFICERS MICHAEL MOBLEY, shield 01111; MICHELLE KEANE, shield 25058; RICHARD SIMPLICIO, shield 07665; ANDREA BASKINGER, shield 03032; INOBERT ALCIUS, shield 05870; F/K/U JOYCE, shield 04472; GENNER GOMEZ, shield 27651; DAVID NEGRON, shield 04035,<br>                              Defendants | Index No. 12 cv 3048(JGK)<br><br>A jury trial is demanded<br><br>AMENDED COMPLAINT |

Plaintiff Sterling Stewart, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress his constitutional and legal rights, and allege as follows:

### STATEMENT OF THE ACTION

1.     Defendant police officers arrested plaintiff without reasonable basis or justification, maliciously prosecuted him, and caused his incarceration at Rikers Island for nearly two months. Officers beat him without cause during the arrest, and again at the police precinct.

### JURISDICTION, VENUE

2.     Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and principles of pendant jurisdiction. Venue is proper because defendant City of New York is administratively located within the Southern District of New York.

### PARTIES

3.     Plaintiff was at all times relevant a citizen of the state of New York and a resident of New York County.

1

4.	Defendant police officers are employees and agents of defendant City of New York.  At all times relevant they acted in their capacity as a New York City police officer, in furtherance of the City's interests, and in conformance with the usages and practices of the City of New York and the New York City Police Department.

5.	Defendant City of New York is a municipal corporation.  It is authorized by its charter to maintain a police department, for which it retains responsibility.

**FACTS**

6.	On September 10, 2011, at approximately 3pm, plaintiff, 22 years old, and several friends, male and female, all young African-Americans, were standing at 157th Street and Amsterdam Avenue in Manhattan, preparing to attend a pre-basketball game cookout.

7.	Plaintiff observed a police car speed toward them, going against traffic.

8.	Two officers jumped out and ordered everyone to lean against the wall for searching.

9.	Several additional police cars arrived, with 8 to 10 additional officers.

10.	Plaintiff turned to ask why they were being stopped and was beaten to the ground and cuffed by the officers.

11.	His outraged objections were met with continuing blows and kicks.

12.	He observed officers searching under cars on the block.

13.	Still objecting vociferously he was placed into the back seat of a police car and removed to the 33rd precinct.

14. The entire group was arrested and processed through the system. On information and belief, however, all were released within hours. Plaintiff was the only member of the group detained.

15. At the precinct, still cuffed, he was subjected to another round of pounding and kicking.

16. Removed to central booking, he was interviewed by a man in plainclothes who told him a witness had described a young black male wearing a hoodie with a white v-neck shirt showing beneath and grey sneakers place a gun in the wheel well of a car. The interview was recorded.

17. Plaintiff was wearing a tank-top t-shirt under his hoodie, and yellow boots. Almost all the males in the group were wearing hoodies.

18. Plaintiff never participated in a line-up or show-up to confirm identification.

19. A DNA swab was taken.

20. Bail was set at $100,000 and plaintiff spent nearly the following two months incarcerated. He was released November 3, 2011.

21. Over the course of several criminal court appearances plaintiff's attorney requested that a DNA report be produced.

22. No DNA report was ever provided, nor any other evidence.

23. Prosecution continued to February 15, 2012, when all charges were dismissed.

## CAUSES OF ACTION

**I.  42 USC §1983 violation of civil rights:
False arrest**

24.   There was no reasonable cause to arrest plaintiff.  Clear discrepancies between plaintiff's appearance and the alleged witness' description could not support even arguable probable cause.  No attempt was ever made to confirm plaintiff's involvement through a line up or other means.

### II.  42 USC § 1983 violation of civil rights: Malicious Prosecution

25.   DNA evidence tending to support plaintiff's innocence should have been available to the prosecution within a month.  Yet he remained in custody for two months, and under prosecution for five.

### III.  42 USC §1983 violation of civil rights: Excessive Force

26.   Plaintiff posed no risk to himself or others, nor did he conduct himself violently.  Yet police officers attacked him physically and at length, before and after he was handcuffed, and again at the precinct.

### IV.  Liability of City of New York for constitutional violations

27.   The constitutional violations herein alleged are directly caused by of New York City and New York City Police Department policies, procedures, and practices.  In 2010, 17,024 allegations of misconduct were filed against New York City police officers,[1] and the Civilian Complaints Review Board ("CCRB") fully investigated 8,893 allegations.  Of these, 550 cases were found to be substantiated and referred to the NYPD for disciplinary action.  NYPD imposed discipline such as temporary suspension, loss of 1 to 10 vacation days, or training and instruction on 225 officers.

---

[1] All statistics here presented are taken from  NYC Civilian Review Board Status Report, 2010 (the most recent full-year report available as of the date of this Complaint), http://nyc.gov/html/ccrb/pdf/ccrbann2010.pdf

The statistics offer no indication that any officers were terminated,.  Plaintiffs respectfully submits that this minuscule rate of disciplinary consequence represents official sanction – even encouragement –  for police officers to violate the law.


Dated:  New York, New York
        December 11, 2012

*/s/ George Wachtel*

George Wachtel [GW5921]
Law Office of Ronald L. Kuby
119 West 23st., Suite 900
New York, NY 10011
(212) 529-0223

### VERIFICATION

Plaintiff Sterling Stewart verified the original complaint on April 9, 2012. Except for minor corrections, this amended complaint differs from the original only in that it lists additional defendants.